FIDELITY TRUST COMPANY, complainant and respondent,

*v.*

GEORGE H. KLINE et al., defendants and respondents, and ABRAHAM L. JACOBS, trustee in bankruptcy, defendant and appellant.

[Submitted March 23d, 1908. Decided June 15th, 1908.]

On appeal from a decree of the former chancellor advised by Vice-Chancellor Stevens, who delivered the following opinion:

This case appears to me to lie within a very narrow compass. It is an interpleader bill, the contesting defendants being, on the one hand, Abraham L. Jacobs, who is a trustee in bankruptcy of (*inter alios*) John VanSickle, and, on the other, George H. Kline, the father-in-law of VanSickle, to whom VanSickle made the assignment whose legality is the subject of this controversy.

It appears that a Miss VanSickle was the owner of a lot on the corner of Bank and Halsey streets, Newark, which she contracted, in writing, to convey to one Wood for $50,000. She died in 1899, and before the contract was carried in effect. She left the greater part of her property to her nephew, John K. VanSickle. He was willing to convey to Wood, but, owing to defects in the title, the conveyance was not made until August, 1904, when, with the concurrence of all parties concerned, the agreement was carried out. VanSickle, in 1890, was connected with a firm of brokers which failed. A petition in bankruptcy was on December 3d, 1900, filed against the firm and against him, in the district court, for the southern district of New York, and they were adjudicated bankrupts.

By deed dated August 10th, 1900, VanSickle had conveyed the lot above mentioned to Kline to secure a debt due to him and to enable him (Kline) to raise more money for VanSickle's benefit. The indebtedness amounted to about $17,500. No

more money was raised. The deed was attacked by the trustee in bankruptcy in the federal court, on the ground that it had been made with intent to hinder and defraud creditors. It was sustained both in the circuit court and in the circuit court of appeals. *127 Fed. Rep. 62.*

On October 22d, 1900, VanSickle executed to Kline another paper, which, after reciting the above-mentioned deed of August 10th, provided as follows:

"I do hereby assign to the said George H. Kline, so much of my interest in said property in excess of the amount due to him as may be necessary to pay all my creditors in full" (naming the creditors), "whose claims amount to about $11,000, and I do hereby authorize and request him to use and apply so much of the proceeds of my interest in said property in payment of my said creditors as may be necessary for that purpose."

If the conveyance of August 10th was not made with intent to hinder and delay the creditors, it is difficult to see how this assignment could have been. Indeed, this was conceded by counsel for the trustee in bankruptcy. He argued that it was void under that provision of section 3 of the Bankruptcy act, which makes a general assignment for the benefit of creditors an act of bankruptcy without any reference to the question of solvency or intent. *West Company* v. *Lea, 174 U. S. 590.*

If this *were* a general assignment, his position would be sound. It seems to me clear that it is not. So far from being a *general* assignment it is not even an assignment of *all* the residue of assignor's interest in a single lot. The lot sold for $50,000. Of this amount $500 had been paid before VanSickle got it. It came into his hands subject to legacies and other claims, amounting, at the time the assignment was made, to about $10,000. It was also subject to the Kline debt of $17,500. This left an equity of over $21,000 and of this only $12,000 were then needed to pay *all* his debts. He did not in terms assign *all* the money, but only "so much" of it as was necessary to pay his creditors in full. The situation then was this: Kline held the legal title to property in trust to pay debts and he held it as mortgagee. It was subject to VanSickle's right to redeem. This being so, the case is on all fours with *Muchmore* v.

*Budd,* decided ·by the court of errors and appeals in *53 N. J. Law (24 Vr.) 369.*

I have not been referred to any case in the federal courts which clashes with that authoritative decision. I think the claim of the trustee to the fund now in court is not sustained.

*Mr. August C. Streilwolf, Jr.,* for Abraham L. Jacobs, trustee in bankruptcy, appellant.

*Mr. Frank Bergen,* for the respondents.

PER CURIAM.

The decree under review herein should be affirmed, for the reasons expressed in the opinion of Vice-Chancellor Stevens.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—16.

*For reversal*—None.